IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JEREMY JACOB MELENDEZ § | |
| *Plaintiff* § | |
| § | |
| V. § | CIVIL ACTION NO. B-23-cv-45 |
| § | |
| ALMA LUZ SANTOS SALDIVAR DBA § | |
| AUTO TRANSPORTES ALSA, AND § | |
| JOSE GUEVARA-MORALES § | |
| *Defendants* | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff JEREMY JACOB MELENDEZ, and files this Plaintiff's Original Complaint complaining of Defendants JOSE GUEVARA-MORALES and ALMA LUZ SANTOS SALDIVAR DBA AUTO TRANSPORTES ALSA, for causes of action, Plaintiff would show as follows:

1.
Parties and Service

1.1    Plaintiff, Jeremy Jacob Melendez, is an individual residing in Brownsville, Cameron County, Texas, and brings this action individually.

1.2    Defendant, Jose Guevara-Morales ("Morales), is an individual residing in Matamoros, Tamaulipas, Mexico, and may be served with process by serving the Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., at 125 E. 11th Street, Austin, Texas 78701, who can forward process to JUAN JOSE BAZALDUA-MORALES at the following address: 32 Colonia Campestre, Matamoros, MX 87360.

1.3     Defendant, ALMA LUZ SANTOS SALDIVAR DBA AUTO TRANSPORTES ALSA ("ALSA"), is a foreign corporation organized and existing under the laws of Mexico and may be served with process by serving the registered agent for the company, Juan M Martinez at 2872 Capri Street, Brownsville, Texas 78520.  Defendant may also be served by serving Alma Luz Santos Saldivar at 3009 West Lake Avenue, Brownsville, Texas 78520.

2.
Jurisdiction and Venue

2.1     This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

2.2     Venue is proper in this matter pursuant to Title 28 U.S.C. §1391(b) because the cause of action arose within the Southern District of Texas, Brownsville Division.

2.3     Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

**IV.**
**FACTUAL BACKGROUND**
The Collision

3.1     This lawsuit concerns a motor vehicle collision that occurred on November 9, 2022. At the time of the collision, Plaintiff was driving his 2003 Ford F150, which was involved in a collision with a 2007 Freightliner Tractor Truck (VIN 1FUJA6CK47DY95022) driven by Defendant MORALES while under the authority and control of Defendant ALMA LUZ SANTOS SALDIVAR DBA AUTO TRANSPORTES ALSA.  Defendant ALSA is the registered owner of the 2007 Freightliner Tractor Truck, driven by Defendant MORALES at the time of the collision.

3.2     The vehicular collision occurred on a Wednesday evening near the intersection of Intersection of SH Hwy 48 (a.k.a. Padre Island Hwy) and 35000 Nafta Parkway Lane, within the

city limits of Brownsville, Cameron County, Texas.  Padre Island Hwy consists of two eastbound lanes and two westbound lanes, as well as a center turning lane.  Prior to the collision, Plaintiff was traveling westbound on the right outside lane of on Padre Island Hwy.  The incident ensued when Defendant MORALES negligently obstructed flow of traffic on the highway by parking his tractor truck, with no hazard flares, safety triangle, or other traffic devises, within the outside lane of Padre Island Hwy.  Due to this obstruction, as well as poor lighting conditions in the area, Plaintiff was unable to recognize that Defendant's tractor truck was stopped in the outside lane of the highway.  As a result, the front of Plaintiff's truck collided with the rear of the Defendant's Tractor Truck.  Due to the force of the impact, Plaintiff sustained severe bodily injuries and his vehicle was rendered completely inoperable.

<u>The Employment Relationship Between the Defendants and The Resulting Vicarious Liability</u>

3.3     At the time of the collision, which is the subject of this cause of action, and at all other relevant times, Defendant MORALES was an employee of Defendant ALSA, who was acting within the course and scope of Defendant's employment.  In this regard, Defendant MORALES was an employee insofar as the master-servant relationship under common law is concerned.

3.4     Alternatively, and at all relevant times herein, Defendant MORALES was a "statutory employee" under the statutory employee doctrine.  In this regard, an interstate motor carrier, such as Defendant ALSA, is required to assume full direction and control of the vehicles that it owns/leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997).  As a result, Defendant ALSA had exclusive control of the tractor truck which Defendant MORALES  was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49

C.F.R. §§376.11-.12(2000).  As a result, Defendant ALSA, is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of Defendant MORALES.

3.5     Alternatively, Defendant ALSA, is vicariously liable with respect to all negligence of Defendant MORALES under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

### The Injuries

3.6     Plaintiff suffered physical and emotional injuries as a result of the subject collision. Immediately following the crash, Plaintiff received emergency treatment at Valley Baptist Hospital.  Due to the collision, Plaintiff has incurred medical expenses and, in all reasonable probability, Plaintiff will continue to incur medical expenses to alleviate his pain.

### 4.
### Cause of Action Against Defendant Morales

4.1     Defendant ALSA is the responsible party for the actions of its employee, Defendant MORALES, who was acting within the course and scope of his employment.

4.2     Under the doctrine of *respondeat superior*, Defendant ALSA, is vicariously liable for the actions of its employee, Defendant MORALES, while in the course and scope of his employment. The collision and resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant ALSA's employee in one or more of the following particulars:

        4.2.1   In that Defendant MORALES failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

        4.2.2   In that Defendant MORALES failed to drive at a speed that is reasonable and prudent under the circumstances in violation of §545.062 of the Texas Transportation Code;

    4.2.3   In that Defendant MORALES failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

    4.2.4   In that Defendant MORALES failed to apply his brakes to his motor vehicle in a timely and prudent manner;

    4.2.5   In placing Plaintiff in a position of peril due to Defendant MORALES's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity § 545.401 of the Texas Transportation Code;

    4.2.6   In failing to control his speed or take evasive action to avoid colliding with Plaintiff's vehicle;

    4.2.7   In failing to use the tractor's horn, lights, and/or other equipment to warn Plaintiff of the impending collision;

    4.2.8   Defendant MORALES operated his vehicle in violation of hours of service regulation, 49 C.F,R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

    4.2.9   Defendant MORALES failed to properly record his duty status, in violation of 49 C.F.R. 395.8;

    4.2.10  Defendant MORALES failed to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 36.13;

    4.2.11  Defendant MORALES operated his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

    4.2.12  Defendant MORALES failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R 396.11;

    4.2.13  Defendant MORALES drove a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R391.15;

    4.2.14  Defendant MORALES was distracted for using an electronic device while driving; and/or

    4.2.15  Driving recklessly.

  4.3    Plaintiff's injuries were proximately caused by Defendant MORALES's negligent, careless and reckless disregard of said legal duties.

4.4 Each of these acts and/or omissions, whether taken singularly or in any combination, constituted negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff has suffered and which Plaintiff will continue to suffer in the future.

4.5 The above-referenced acts and/or omissions by Defendant MORALES constituted gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant MORALES was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant MORALES was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

4.6 Defendant MORALES's acts or omissions described above, when viewed objectively from his standpoint at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

4.7 Defendant MORALES had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

4.8 The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 5.
## Causes of Action Against Defendant ALSA

5.1 Defendant ALSA is liable under the doctrine of *respondeat superior* in that Defendant MORALES was operating the vehicle in the course and scope of his employment with Defendant ALSA at the time of the collision, and Defendant MORALES was engaged in the furtherance of Defendant ALSA's business.

5.2 At the time of the occurrence of the act in question and immediately prior thereto, Defendant MORALES was engaged in accomplishing a task for which Defendant MORALES was employed. Thus, Plaintiffs invoke the legal doctrine of *respondeat superior* against Defendant ALSA.

5.3 Furthermore, Defendant ALSA was independently negligent in one or more of the following respects:

   a. negligent hiring of Defendant MORALES;
   b. negligent entrustment of the vehicle to Defendant MORALES;
   c. negligent driver qualification of Defendant MORALES;
   d. negligent training and supervision of Defendant MORALES;
   e. negligent retention of Defendant MORALES;
   f. negligent contracting of Defendant MORALES; and,
   g. negligent maintenance of the subject commercial motor vehicle.

5.4 As described herein, Defendant ALSA was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

5.5 Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, as well as the damages and other losses to Plaintiff.

5.6     The above-referenced acts and/or omissions by Defendant ALSA constituted gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant ALSA was heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

5.7     Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

5.8     Defendant had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

5.9     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 6.
## Exemplary Damages

6.1     Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiffs are entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code. The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

6.2     Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiff respectfully requests exemplary damages in an amount to be determined by a jury.

## 7.
## Damages for Jeremy Melendez

7.1     As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Jeremy Melendez, sustained personal injuries which have resulted in losses and damages recoverable by law.

7.2     Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering.  There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

7.3     From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

  7.3.1   Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Jeremy Melendez, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

  7.3.2   Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

  7.3.3   The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

  7.3.4   The damages resulting from the mental anguish suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

7.4    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

    7.4.1    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

    7.4.2    Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

    7.4.3    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

    7.4.4    Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

    7.4.5    The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

## 8.
## Interest on Damages

8.1    To the extent provided by law, Plaintiff further plead for *pre* and *post* judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiff pleads that if they are not allowed such pre and post judgment interest, they would not be fully compensated, and that they would be denied an opportunity to earn interest on the damages Plaintiffs sustained between the time of the incident and the time of judgment.

## 9.
## Jury Demand

9.1    Plaintiffs requests a trial by jury.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jeremy Melendez, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: **/s/ *Daniel Torres***
Daniel A. Torres
State Bar No. 24046985
Fed Id. 573645
daniel@jvlawfirm.com
Javier Villarreal
State Bar No. 24028097
jv@jvlawfirm.com
Miguel D. Trevino
State Bar No.  24093280
Federal Bar No. 3233959
Email: mike@jvlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**Of Counsel:**
**LAW OFFICES OF JAVIER VILLARREAL, P.L.L.C.,**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78520
Tel: (956) 544-4444
Fax: (956) 550-0877